TREVOR Q. CODDINGTON, PH.D. (CSB NO. 243,042)
tcoddington@insigne.law
CHARLES A. BLAZER, II (CSB NO. 282,495)
cblazer@insigne.law
ADAM T. TUROSKY (CSB NO. 336,024)
aturosky@insigne.law
INSIGNE PC
701 Palomar Airport Rd., Suite 230
Carlsbad, CA 92011
Telephone: (858) 227-6633
Facsimile: (858) 724-1440

Attorneys for Plaintiff
VISION WORKS IP CORP.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISION WORKS IP CORP.,<br>a Washington corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>PELOTON TECHNOLOGY, INC.,<br>a Delaware corporation,<br>*Defendant*. | Case No.:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT – 35 U.S.C. § 271**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Vision Works IP Corp. ("Vision Works") hereby complains of Defendant Peloton Technology, Inc. ("Peloton") and alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq*.

## THE PARTIES

2.    Vision Works is a Washington corporation with a principal place of business in Mineral, WA.

3.    Peloton is a Delaware corporation with a principal place of business at 800 W. El Camino Real, Suite 180, Mountain View, CA 94040.

## JURISDICTION AND VENUE

4.    This Court has original and exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because Vision Works' claims for patent infringement arise under the laws of the United States, including 35 U.S.C. § 271, *et seq*.

5.    This Court has personal jurisdiction over the Peloton because it resides and has a principal place of business in this District. Additionally, Peloton has a continuous, systematic, and substantial presence in this District; because it regularly conducts business and solicits business within this District, and it has committed and continues to commit patent infringement in this District, including, without limitation, by making, using, selling, and offering for sale infringing products and services to consumers in this District; by purposefully directing activities at residents of this District; and by placing infringing products and services into the stream of commerce with the knowledge that such products and services would be sold in California and this District, which acts form a substantial part of the events giving rise to Vision Works's claims.

6.    Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because Peloton resides and has its principal place of business in this District.

///

///

# FACTUAL BACKGROUND

7.     On September 1, 2015, the United States Patent and Trademark Office ("PTO") duly and lawfully issued United States Patent No. 9,123,249 ("the '249 patent") entitled "Absolute Acceleration Sensor For Use Within Moving Vehicles." A true and correct copy of the '249 patent is attached hereto as **Exhibit 1**. Vision Works owns all rights to the '249 patent via two Assignments recorded at the PTO on March 20, 2014, at Reel/frame 032485/0906 and Reel/frame 032486/0018.

8.     On August 14, 2018, the PTO duly and lawfully issued United States Patent No. 10,046,694 ("the '694 patent") entitled "Absolute Acceleration Sensor For Use Within Moving Vehicles." A true and correct copy of the '694 patent is attached hereto as **Exhibit 2**. Vision Works owns all rights to the '694 patent via an Assignment recorded at the PTO on October 28, 2014, at Reel/frame 034055/0196. The '249 patent and the '694 patent are referred to herein as the Asserted Patents.

9.     In general, the Asserted Patents are directed to a vehicle-to-vehicle communication system that allows a vehicle to react immediately to the actions of a vehicle in front of it. For example, one or more parameters associated with speed, acceleration or deceleration, and braking status are communicated from one vehicle to another. Drivers are warned of a possibility that a subject vehicle will brake or that a following vehicle may need to decelerate. This warning occurs earlier than warnings provided by traditional rear brake warning systems.

10.     Peloton's PlatoonPro truck platooning system uses Vehicle to Vehicle ("V2V") communication to connect the braking and acceleration between two trucks. The V2V link allows the lead truck to control the acceleration and braking of both trucks virtually simultaneously, reacting faster than a human or even radar sensors could. By electronically coupling the trucks in this way, the trucks accelerate and brake together and can safely operate at closer distances to form a platoon. Connected braking and acceleration reduces collision chances and severity through automatic and immediate braking. In addition, Peloton's PlatoonPro provides an average fuel savings of 7.25% (10% for the

following truck and 4.5% for the lead truck).

11.    Peloton owns United States Trademark Registration No. 6,147,896 of "PlatoonPro" for "[c]omputer software for enabling vehicles, including trucks and other conveyances, to follow one another closely in automated or semi-automated fashion to form a platoon, convoy, or other formation for traveling together, including associated transportation logistics; namely, computer hardware and software for enabling vehicles, including trucks and other conveyances to navigate." The first use of this trademark in commerce occurred on December 20, 2017.

12.    Peloton is and has been making, using, selling, and offering for sale its "PlatoonPro" (the "Accused Product") since at least December 20, 2017. The Accused Product can be purchased directly from Peloton by contacting sales@peloton-tech.com.

13.    Beginning in 2013, Peloton became aware of Vision Works' Asserted Patents. On June 3, 2014, Peloton received its first patent, United States Patent No. 8,744,666 ("the '666 patent"), entitled "Systems and Methods for Semi-Autonomous Vehicular Convoys," which was filed on July 5, 2012. During prosecution of the '666 patent, on December 20, 2013, the Examiner cited United States Patent No. 8,903,617 ("the '617 patent") entitled "Absolute Acceleration Sensor for Use Within Moving Vehicles," and assigned to Vision Works, as a prior art reference. The '694 patent is a divisional of the '617 patent and shares an identical disclosure. Other Peloton patents reference either the Asserted Patents or divisionals/continuations thereof, including Peloton's United States Patent No. 10,906,544 issued on February 2, 2021.

14.    Vision Works emailed Mr. Dave Lyons, a co-founder of Peloton, on January 31, 2017, to discuss the need for Peloton to license the Asserted Patents. Peloton and Vision Works communicated via telephone on February 9, 2017. Days later, Mr. Lyons informed Vision Works that Mr. Josh Switkes, then acting Chief Executive Officer, refused to discuss licensing the Asserted Patents. Mr. Switkes never agreed to a meeting with Vision Works even though exemplary claim charts were provided to Mr. Switkes showing Peloton's infringement of the Asserted Patents. On February 1, 2021, Vision Works'

representatives emailed Mr. Steve Boyd, Chief Executive Officer of Peloton, again offering to license the Asserted Patents on friendly terms. Later that day, Mr. Boyd replied, stating that Peloton was not interested in purchasing the Asserted Patents. Vision Works clarified the licensing offer, which Mr. Boyd rejected and wrote, "[y]ou would be truly wasting time on continued efforts talking to us."

15.    On March 16, 2021, Vision Works' counsel emailed Steve Boyd a letter explaining Peloton's infringement of the Asserted Patents. The letter included exemplary claim charts evidencing Peloton's infringement of specific claims of the Asserted Patents. Peloton did not respond.

16.    On April 13, 2021, Vision Works' counsel sent an email to Mr. Boyd to confirm receipt of the letter. However, Mr. Boyd did not respond. Again, on April 14, 2021, Vision Works' counsel emailed Mr. Boyd, but Mr. Boyd did not reply. Mr. Boyd or Vision Works has not responded whatsoever to any communication from Vision Works' counsel.

17.    Vision Works has incurred significant financial and personal costs in commercializing its technology because companies like Peloton repeatedly choose to ignore Vison Works and its patents and tell Vision Works to go away. Accordingly, Vision Works seeks court intervention to enforce its patent rights and get the recognition and compensation it deserves.

## FIRST CLAIM FOR RELIEF
### (Infringement of the '249 patent)

18.    Vision Works repeats, realleges, and incorporates by reference the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

19.    Peloton, by and through its agents, officers, directors, resellers, retailers, employees, and servants has and is currently infringing the '249 patent by making, using, offering to sell, selling, exporting, and importing into the United States the Accused Product, which embodies claims set forth in the Asserted Patents.

20.    For example, as shown in **Exhibit 3**, the Accused Product embodies each limitation of at least claim 12 of the '249 patent. Peloton's Accused Product constitutes

"[a] method of communication for a vehicle comprising: calculating an absolute acceleration of the vehicle based upon the speed of the vehicle" as recited in claim 12. The Accused Product is a connected driving assist system that utilizes a wireless V2V communication system to link a pair of vehicles together during platooning. Additionally, the PlatoonPro includes a radar mounted on the front bumper of each vehicle to monitor and detect changes in speed and proximity between vehicles or other objects in front of a vehicle. Because of the exacting safety requirements, the PlatoonPro system must include the effects of gravity to work correctly on steep hills and in sharp corners.

21.    The Accused Product performs "detecting a braking status of the vehicle" as recited in claim 12. The Accused Product features a radar-based Collision Mitigation System ("CMS") that monitors and detects the braking and acceleration of vehicles between vehicles.

22.    The Accused Product employs that "if the vehicle is decelerating," then the system is "emitting a non-visible signal, wherein the non-visible signal is dependent upon a deceleration status of the vehicle," as recited in claim 12. The Accused Product determines that if, during platooning, a lead vehicle brakes suddenly (a deceleration status), the PlatoonPro instantly detects the change and transmits a signal to a following vehicle over a wireless V2V communication link.

23.    Peloton has infringed and continues to infringe the '249 patent, either literally or under the doctrine of equivalents. Peloton's infringing activities in the United States and this District include, among other things, making, using, selling, and offering for sale the Accused Product.

24.    Peloton has induced and continues to induce infringement of the '249 patent. Peloton induces its customers to install and use the Accused Product. For example, Peloton works with major trucking OEMs to make PlatoonPro available as a factory pre-wire on production vehicles. Peloton provides customers with an installation kit that has "everything you need on one big box: from system components and their mounting kits to the wiring harnesses; from diagrams and instructions to zip ties and mounting tape. There's

no nut or bolt left unturned." *See*, *e.g.*, Our PlatoonPro Retrofit Kit Will Help Installers Get the Job Done (available at https://peloton-tech.com/our-platoonpro-retrofit-kit-will-help-installers-get-the-job-done/) (last accessed April 27, 2021). Peloton provides installation and operation support to its customers.

25.     The infringement chart set forth in Exhibit 3 is based on Vision Works' current understanding of the Accused Product, which only contains information that Peloton has made publicly available. The chart does not set forth all of Vision Works' infringement theories. The Accused Product embodies other claims set forth in the '249 patent, which will be disclosed in forthcoming infringement contentions under this District's local patent rules. Vision Works reserves the right to amend or supplement its infringement theories upon more information becoming available through formal discovery and this Court completing its claim construction proceedings.

26.     Peloton has been aware of its infringement of the '249 patent at least as early as January 31, 2017. Peloton has made no effort to avoid infringement despite knowing that its actions were consciously wrongful and characteristic of a pirate. Accordingly, Peloton's infringement has been and continues to be willful, and this case is exceptional.

27.     Upon information and belief, Peloton has generated millions of dollars in annual revenue from the sale of products that embody the '249 patent, exposing Peloton to significant liability for its infringement of the Asserted Patents.

28.     Upon information and belief, unless enjoined, Peloton and others acting on behalf of Peloton will continue their infringing acts, thereby causing irreparable harm to Vision Works for which there is no adequate remedy at law.

29.     As a result of Peloton's infringement of the '249 patent, Vision Works has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial, and is entitled to recovery of such as well its attorney fees.

///

///

## SECOND CLAIM FOR RELIEF

### (Infringement of the '694 patent)

30.   Vision Works repeats, realleges, and incorporates by reference the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

31.   Peloton, by and through its agents, officers, directors, resellers, retailers, employees, and servants has and is currently infringing the '694 patent by making, using, offering to sell, selling, exporting, and importing into the United States the Accused Product, which embodies claims set forth in the Asserted Patents.

32.   For example, as shown in **Exhibit 4**, the Accused Product embodies each limitation of at least claim 1 of the '694 patent. The Accused Product is "[a] communication system for a vehicle comprising: a vehicle speed sensor to detect a traveling speed of the vehicle," as recited in claim 1. The Accused Product is a connected driving-assist system that utilizes a wireless V2V communication system to link and pair vehicles together during platooning. Additionally, the PlatoonPro measures a vehicle's speed. The vehicle's speed is used to determine a safe speed for platooning vehicles (e.g., vehicles adhering to speed limits or adapting to changing road conditions).

33.   The Accused Product incorporates "an alerting device that transmits a non-visual signal corresponding to the traveling speed of the vehicle to a receiver placed in a following vehicle," as recited in claim 1. For example, the Accused Product uses a 5.9GHz (non-visual) wireless V2V connection link to transmit speed data from a lead vehicle to a following vehicle. Both the vehicle speed and changes in the speed due to braking and acceleration are transmitted.

34.   The Accused Product additionally encompasses "a control device coupled to the vehicle speed sensor and the alerting device, wherein the vehicle speed sensor sends signals to the control device, and the control device operates the alerting device to send a signal to the receiver in the following vehicle based on a change in speed of the vehicle" as recited in claim 1. For example, Peloton's PlatoonPro uses an onboard computer (control device) to coordinate information flow, including data such as vehicle speed, brake

application, and engine torque. When the platooning feature is enabled, a following vehicle mimics the lead vehicle to maintain a gap by braking and accelerating as needed. This indicates that the following vehicle receives a change in speed signal from the lead vehicle.

35.     Peloton has infringed and continues to infringe the '694 patent, either literally or under the doctrine of equivalents. Peloton's infringing activities in the United States and this District include, among other things, making, using, selling, and offering for sale the Accused Product.

36.     Peloton has induced and continues to induce infringement of the '694 patent. Peloton induces its customers to install and use the Accused Product. For example, Peloton works with major trucking OEMs to make PlatoonPro available as a factory pre-wire on production vehicles. Peloton provides customers with an installation kit that has "everything you need on one big box: from system components and their mounting kits to the wiring harnesses; from diagrams and instructions to zip ties and mounting tape. There's no nut or bolt left unturned." *See*, *e.g.*, Our PlatoonPro Retrofit Kit Will Help Installers Get the Job Done (available at https://peloton-tech.com/our-platoonpro-retrofit-kit-will-help-installers-get-the-job-done/) (last accessed April 27, 2021). Peloton provides installation and operation support to its customers.

37.     The infringement chart set forth in Exhibit 4 is based on Vision Works's current understanding of the Accused Product, which only contains information that Peloton has made publicly available. The chart does not set forth all of Vision Works' infringement theories. The Accused Product embodies other claims set forth in the '694 patent, which will be disclosed in forthcoming infringement contentions under this District's local patent rules. Vision Works reserves the right to amend or supplement its infringement theories upon more information becoming available through formal discovery and this Court completing its claim construction proceedings.

38.     Peloton has been aware of its infringement of the '694 patent at least as early as January 31, 2017. Peloton has made no effort to avoid infringement despite knowing

that its actions were consciously wrongful and characteristic of a pirate. Accordingly, Peloton's infringement has been and continues to be willful, and this case is exceptional.

39.     Upon information and belief, Peloton has generated millions of dollars in annual revenue from the sale of products that embody the '694 patent, exposing Peloton to significant liability for its infringement of the Asserted Patents.

40.     Upon information and belief, unless enjoined, Peloton and others acting on behalf of Peloton will continue their infringing acts, thereby causing irreparable harm to Vision Works for which there is no adequate remedy at law.

41.     As a result of Peloton's infringement of the '694 patent, Vision Works has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial, and is entitled to recovery of such as well its attorney fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Vision Works prays for entry of judgment in its favor and against Peloton as follows:

(a)     An Order adjudging Peloton to have infringed, or induced infringement of the Asserted Patents under 35 U.S.C. § 271;

(b)     A permanent injunction under 35 U.S.C. § 283 enjoining Peloton, its officers, directors, agents, servants, resellers, retailers, employees, attorneys, and those persons acting in concert or participation with them, from infringing or inducing the infringement of the Asserted Patents in violation of 35 U.S.C. § 271;

(c)     An award to Vision Works of a reasonable royalty for Peloton's use, sale, and manufacture of the Accused Product, subject to proof at trial;

(d)     An Order adjudicating that this is an exceptional case;

(e)     An award to Vision Works of all attorneys' fees incurred by Vision Works in connection with this action under 35 U.S.C. § 285;

(f)     An award of pre-judgment and post-judgment interest and costs of this action against Peloton;

1     (g)     For such other and further relief as the Court deems just and proper.

2

3   Date:  May 5, 2021                    Respectfully submitted,

4

5                                  By:    /s/Adam T. Turosky
                                          Trevor Q. Coddington, Ph.D.
6                                         Charles A. Blazer
7                                         Adam T. Turosky
                                          Insigne PC
8                                         701 Palomar Airport Road, Suite 230
9                                         Carlsbad, CA 92011

10                                        Attorneys for Plaintiff
11                                        VISION WORKS IP CORP.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR PATENT INFRINGEMENT – 35 U.S.C. § 271**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **<u>DEMAND FOR A JURY TRIAL</u>**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues so triable.


Date:  May 5, 2021                                    Respectfully submitted,


                                     By:     <u>/s/Adam T. Turosky</u>
                                             Trevor Q. Coddington, Ph.D.
                                             Charles A. Blazer
                                             Adam T. Turosky
                                             Insigne PC
                                             701 Palomar Airport Road, Suite 230
                                             Carlsbad, CA 92011

                                             Attorneys for Plaintiff
                                             VISION WORKS IP CORP.